UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSH LIMAS, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:20-CV-00230 |
| | § | |
| LFD, LLC., | § | |
|     Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Defendant LFD, LLC files this motion to dismiss this suit for lack of subject-matter jurisdiction, as authorized by Federal Rule of Civil Procedure 12(b)(1), on the basis of Plaintiff Josh Limas' lack of standing.

**I.    Background**

1.    Limas is a serial litigant who, between September 2, 2020 and December 28, 2020, filed 45 identical lawsuits within the Southern District of Texas. EXHIBIT 1. This is one of those 45 lawsuits. In each case, Limas alleges that he is disabled; that he traveled to a defendant's business; that he encountered non-compliant accessible parking spaces, access ramps and/or signs (primarily to van-accessible spaces); that he experienced "difficulty and discomfort"; and that he intends to return to the defendant's business. Limas claims that as a result, he is entitled to injunctive relief, declaratory relief, and attorney's fees from each of the alleged wrongdoers.

2.    Limas' suit against LFD is one of fourteen suits that he filed on December 24, 2020. In his Complaint, Limas alleges that LFD refused to provide him with sufficient ADA-compliant parking in the parking lot. More specifically, he claims that LFD's parking lot ("the subject property") has "no ADA-Compliant Van Accessible space." Doc. 1 at ¶ 9. To be clear, Limas does not allege that the subject property has no handicap parking spaces; in fact, his Complaint contains a

photo of a handicap parking space located at the subject property. Doc. 1 at p. 5. Instead, Limas' specific objection is that the existing handicap space does not have a 96-inch side-access aisle adjacent to it. Doc. 1 at ¶ 14. Notably, the Complaint is devoid of any details regarding Limas' actual injury-in-fact; his place of residence; the date(s) he allegedly visited the subject property; the vehicle he was in when he allegedly visited the subject property; whether he is confined to a wheelchair; or the definiteness of his intent to return to the subject property.

## II. Standard of Review and Applicable Law

3.  The law pertinent to this motion was recently articulated by a fellow Southern District court in *Zaid v. Smart Financial Credit Union*:

> Federal courts are courts of limited jurisdiction. The burden of establishing federal jurisdiction rests with the party asserting jurisdiction. A party may assert the defense of lack of subject matter jurisdiction in a Rule 12(b)(1) motion. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. The court may determine whether it possesses subject matter jurisdiction over an action by looking to (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.
>
> No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies. One element of the case-or-controversy requirement is that a plaintiff must establish, on the basis of the complaint, standing to sue. To have standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Where, as here, a case is at the pleading stage, *the plaintiff must clearly allege facts demonstrating each element*. When considering whether a plaintiff has Article III standing, a federal court must assume arguendo the merits of his or her legal claim.
>
> . . . .
>
> . . . To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural

> or hypothetical. The ADA affords injunctive relief to disabled persons who are denied opportunities provided by an entity because of their disabilities. To have standing to seek injunctive relief, a plaintiff must demonstrate a real, immediate threat of repeated injury: Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. Where a public accommodation's non-compliance is ongoing, the disabled plaintiff suffers an ongoing injury so long as she is effectively denied the opportunity to participate in or benefit from the services and facilities of the entity.
>
> Courts in the Fifth Circuit have articulated two different tests ADA plaintiffs can use to demonstrate a threat of future injury. First, an ADA plaintiff can show that the inaccessibility of a place of public accommodation actually affects his activities in some concrete way. Second, a plaintiff can show that the plaintiff intends to return to the out-of-compliance public accommodation.

No. 4:18-CV-01130, 2019 WL 314732, at *2-3 (S.D. Tex. Jan. 24, 2019) (citations, footnotes, ellipses, brackets, and internal quotation marks omitted; emphasis added).

4. When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make a facial attack or a factual attack. *Hunter v. Branch Banking and Trust Company*, No. 3:12-CV-2437, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013).

> If the party merely files its Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion. This is akin to a Rule 12(b)(6) motion in that the pleading's allegations are presumed to be true, and if those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit.
>
> A party can also make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony. A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered. The court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of

> disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. The plaintiff in a factual challenge, as the party seeking to invoke jurisdiction, must submit facts through some evidentiary method and prove by a preponderance of the evidence that the trial court does have subject matter jurisdiction.

*Id*. (citations, brackets, ellipses, and internal quotation marks omitted).

### III.     Argument

5.     At issue in this motion is the "injury in fact" requirement for standing, which Limas lacks. LFD seeks to contest this element of standing through a factual attack and, alternatively, a facial attack.

*Factual Attack*

6.     LFD asks the Court to take judicial notice of Limas' 44 other lawsuits in the Southern District—all filed within four months of each other—wherein he complains of alleged failures by businesses to maintain ADA-compliant parking lots. EXHIBIT 1. *See* FED. R. EVID. 201(b)(1) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction[.]"); *see, e.g., Hunter*, 2013 WL 607151, at *2 (taking judicial notice of plaintiff's numerous ADA lawsuits). Limas' litigation history is relevant because it casts significant doubt on whether he is likely to return to the subject property—as alleged in the Complaint—and thereby suffer an injury-in-fact. *See, e.g., id.; Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1165 (C.D. Cal. 2005) (finding that plaintiff's litigation history undermined credibility of promise to return). Upon taking the requested judicial notice, the Court should find that this motion presents a factual challenge to subject-matter jurisdiction. *See Hunter*, 2013 WL 607151, at *2. This motion should thus be granted on the basis of LFD's factual attack once Limas fails to submit evidentiary proof establishing the Court's subject-matter jurisdiction by a preponderance of the evidence.[1] *See id.*

---

[1] The Complaint does not allege that the subject property's purported inaccessibility actually affects his activities in some concrete way; rather, it only alleges an intent to return to the subject property in an attempt to demonstrate a threat of future

4

*Facial Attack*

7. Though Limas has an obligation to clearly allege facts demonstrating each element of standing, he has failed to do so. *See Zaid*, 2019 WL 314732, at *2. Though Limas complains that the subject property does not have a van-accessible space, the absence of such a space would only injure him if (1) he relies on a wheelchair for mobility; and (2) he traditionally travels with the wheelchair through the use of a specially-equipped van with a lift that deploys from the passenger side to accommodate the wheelchair (collectively "the subject travel conditions"). Yet, Limas tellingly does not assert that he has previously traveled to the subject property—or that he will do so in the future—under the subject travel conditions. Instead, he only vaguely asserts that he "uses assistive devices for mobility." Doc. 1 at ¶ 5. But "assistive devices" is a broad term that can refer to canes, crutches, walkers, rollators, and other devices whose users would be unaffected by the absence of a 96-inch side-access aisle, which is the sole focus of the Complaint. Accordingly, the Complaint fails to clearly allege facts demonstrating that Limas has suffered an injury in fact.

8. The Complaint further fails to demonstrate an injury in fact because it fails to clearly allege facts showing that Limas has any plausible intention or desire to return to the subject property but for its purported barriers to access.

> [W]here the plaintiff seeks declaratory and injunctive relief, the plaintiff must also show a significant possibility of future harm; it is not enough to show only a prior injury. Moreover, because the ADA provides for injunctive relief, plaintiffs complaining about architectural barriers at public accommodations have standing to bring claims only if they show a plausible intention or desire to return to the place but for the barriers to access. Intent to return to the place of injury "some day" is not sufficient. The court must decide standing based on the facts at the time the suit is filed; thus the plaintiff's effort to bolster standing after that time cannot help him. In considering the likelihood of return, courts consider such

---

injury. *See Zaid*, 2019 WL 314732, at *3 (discussing two different tests ADA plaintiffs can use to demonstrate threat of future injury).

5

factors as (1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant.

*Van Winkle v. Pinecroft Ctr., L.P.*, No. 4:16-CV-02694, 2017 WL 3648477, at *6 (S.D. Tex. Aug. 23, 2017). Here, the Complaint has articulated no facts through which the Court could find, under the above four-factor test, that Limas is likely to return to the subject property.

- **Factor #1:** The Complaint provides no information as to the proximity of Limas' residence to the subject property. The Complaint does not identify the city in which Limas resides, nor does it even identify him as a Texas resident.

- **Factor #2:** The Complaint vaguely indicates that Limas visited the subject property on one occasion at some point in September of 2020. Doc. 1 at ¶ 11. The Complaint does not allege that Limas actually visited the subject property to provide patronage to LFD's business—as opposed to visiting the subject property for the sole purpose of acting as an ADA "tester." *See Zaid*, 2019 WL 314732, at *1 (stating that an ADA "tester" refers to one who "tests the ADA compliance of various businesses and files lawsuits against those that have failed to comply with the ADA's accessibility requirements").

- **Factor #3:** Limas does not plead any concrete plan to return to the subject property. The Complaint only contains this one conclusory statement pertinent to this matter: "Plaintiff has the intent to return to the LFD Home Furnishings." Doc. 1 at ¶ 12. This conclusory statement does not suffice. *See Van Winkle*, 217 WL 3648477, at *9 (finding that ADA complaint did "not allege a concrete plan for return, but only state[d] that [plaintiff] intends to return after the barriers are removed").

- **Factor #4:** The Complaint says nothing about the frequency of Limas' travel near the subject property. To reiterate, the Complaint does not identify either the city or state in which Limas resides.

### III.   Conclusion

9.   For all the above reasons, the Court should dismiss this suit for lack of subject-matter jurisdiction.

6

        Respectfully submitted,

        /s/ ***Michael A. McGurk***
        Michael A. McGurk
        State Bar No. 00797746
        Fed. ID No. 20091
        mmcgurk@wmcnlaw.com
        1506 S. Lone Star Way, Ste. 10
        Edinburg, Texas 78539
        p. 956.632.5030
        *Attorney in Charge for LFD, LLC*

OF COUNSEL:
Walsh McGurk Cordova Nixon, PLLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2021, all counsel of record who have consented to electronic service were served with a copy of this document via the Court's CM/ECF system.

/s/ *Michael A. McGurk*
Michael A. McGurk